UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
H.H., an infant by NANCY HELD, mother and
natural guardian and Nancy Held individually,

                      Case No. 23-cv-07083 (LLS)

               Plaintiffs,

  -against-                              **DECLARATION OF
                                                           CHRISTINA URBANSKI**

HYATT HOTELS CORPORATION d/b/a GRAND
HYATT BAHA MAR, CTF BM OPERATIONS LTD.
d/b/a BAHA MAR, and HYATT SERVICES
CARIBBEAN LLC,

               Defendants
------------------------------------------------------------------X

      Christina Urbanski declares as follows subject to the penalties of perjury:

      1.     I am above the age of 18 years old and of sound mind, and fully competent to testify to the statements made herein in a court of law. Based on my personal knowledge, if called upon to do so, I could and would testify to all facts set forth below.

      2.     I am currently Assistant Secretary to Hyatt Services Caribbean, L.L.C. ("Hyatt Services") . I have held this position for approximately six years.

      3.     Hyatt Services' corporate office is located at 150 North Riverside Plaza, Chicago, Illinois 60606.

      4.     Hyatt Services is a limited liability company organized under the laws of the State of Delaware and maintains its principal place of business at 150 North Riverside Plaza, Chicago, IL 60606.

      5.     The Grand Hyatt Baha Mar (the "Hotel") is a hotel that is part of a larger resort complex, consisting of three hotels, dozens of bars and restaurants, a casino, and a water park, located on the island of New Providence in the Commonwealth of the Bahamas (the "Resort").

6. I have been made aware of the instant lawsuit commenced by Plaintiff H.H. as a result of personal injuries allegedly sustained on or about April 8, 2023, at the water park at the Resort (the "Water Park").

7. Hyatt Services operates the Hotel but does not own, maintain or have control of the Water Park, and it is not involved in the Water Park's operations directly or indirectly.

8. Hyatt Services is a separate legal entity from the codefendants CTF BM Operations Ltd. d/b/a Baha Mar ("Baha Mar") and Hyatt Hotels Corporation ("HHC").

9. Hyatt Services entered into a Management Agreement dated January 1, 2017, with co-Defendant Baha Mar for operation of the Hotel. That Management Agreement is annexed hereto as Exhibit A. The Management Agreement appoints Hyatt Services to supervise, direct, control, manage and operate the Hotel and the Convention Center and all the facilities and amenities compromising the Hotel and the Convention Center (p. 41). The Management Agreement does not include the Water Park where Plaintiff's alleged accident occurred ( p. 6).

10. The claims asserted by Plaintiff do not involve Hyatt Services' operations and/or business contacts in New York to the extent any might exist.

11. Hyatt Services is not authorized to do business in the State of New York.

12. Hyatt Services has never commenced or been a party to any prior lawsuits in the State of New York related to Plaintiff or her claims asserted in this lawsuit, her stay at the Hotel, her visit to the Water Park, or any accident she allegedly had there other than this litigation.

13. Hyatt Services has never generated any revenue or income in the State of New York related to Plaintiff or her claims.

14. Hyatt Services' representatives have never traveled to the State of New York to conduct any business transactions related to Plaintiff or her claims.

15. Hyatt Services has never had any employees in any location including the State of New York.

16. Hyatt Services has never had any accounts in the State of New York.

17. Hyatt Services has never owned or operated any real property in the State of New York.

18. Hyatt Services has never owned any personal property in the State of New York.

19. Hyatt Services has no connections whatsoever to the State of New York.

Dated: March 7, 2024

_____
CHRISTINA URBANSKI